IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Karen Moore, | : | Case No. 1:06 CV 1274 |
| Plaintiff, | : | |
| vs. | : | |
| Commissioner of Social Security, | : | **MEMORANDUM DECISION AND ORDER** |
| Defendant. | : | |

The parties have consented to the jurisdiction of the undersigned Magistrate for entry of final judgment in this case pursuant to 28 U.S.C. § 636 (c) (1). Pending is Plaintiff's motion for attorney fees under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412 (Docket No. 20) and Defendant's response (Docket No. 21). For the reasons set forth below, Plaintiff's motion for an award of attorney fees is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff applied for Supplemental Security Income on September 24, 2002, alleging that her disability began on September 1, 1999 (Tr. 48-49). The application was denied initially and on reconsideration (Tr. 31-34, 36-38). Plaintiff's request for a hearing was granted (Tr. 40) and the hearing was held in Stockton, California, on May 20, 2005, by Administrative Law Judge (ALJ) William C. Thompson, Jr., by video teleconference (Tr. 14). Plaintiff, represented by counsel Catherine Brun,

appeared in Cleveland, Ohio (Tr. 142). Vocational Expert (VE) David M. Dettmer testified via telephone (Tr. 14). On August 8, 2005, the ALJ rendered an unfavorable decision finding that Plaintiff was not disabled (Tr. 14-21). The Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner (Tr. 5-7).

Upon Plaintiff's request for judicial review, the Magistrate remanded the case to the Commissioner pursuant to sentence four of 42 U. S. C. § 406(g). Within thirty days after the right to appeal had lapsed, Plaintiff filed a request for attorney fees.

## **EAJA STANDARD FOR AWARDING FEES**

EAJA provides for an award of reasonable attorney fees and other expenses of a prevailing party in litigation against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (Thomson/West 2008). Allowable fees and expenses include, *inter alia*, reasonable expenses of expert witnesses, reasonable costs of any study, analysis or project deemed necessary for the preparation of the party's case, and reasonable attorney fees. 28 U.S.C. § 2412 (d) (2)(A) (Thomson/West 2008). Attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412 (d)(2)(A) (Thomson/West 2008).

A prevailing party under the EAJA is one who "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Kelly v. Secretary, United States Department of Housing and Urban Development on Behalf of Staples,* 97 F.3d 118, 123 (6th Cir. 1996). (*citing Kreimes v. Department of Treasury,* 764 F.2d 1186, 1188 (6th Cir. 1985) (citations omitted)). To gain *prevailing*-party status, a party must secure an enforceable judgment on the merits or court-ordered

consent decree that " 'create[s] the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees.' " *Veltkamp v. Commissioner of Social Security*, 531 F. Supp.2d 810, 812 (W. D. Mich. 2007) (*citing Marshall v. Commissioner of Social Security,* 444 F.3d 837, 840 (6th Cir.2006) (Griffin, J.) (*quoting Buckhannon Board & Care Home Incorporated v. West Virgina Department of Health & Human Resources,* 121 S.Ct. 1835 (2001) (*quoting Texas State Teachers Association v. Garland Independent School District,* 109 S.Ct. 1486, 1493 (1989))). An individual does not become a "prevailing party" simply because he or she obtained a remand for further proceedings before the agency from which he or she appealed. *Kelly*, *supra*, (*citing Sullivan v. Hudson,* 109 S. Ct. 2248, 2255-2256 (1989)).

The Supreme Court held that "substantially justified" means " 'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person." *Delta Engineering v. United States*, 41 F.3d at 261 (*citing Pierce v. Underwood*, 108 S. Ct. 2541, 2550 (1988)). To be substantially justified, the government's position must have a "reasonable basis both in law and fact," and be more reasonable than "merely undeserving of sanctions for frivolousness." *Richards v. Secretary of Health and Human Services,* 884 F. Supp. 256, 258 (N.D.Ohio,1995) (*citing Pierce*, 108 S.Ct. at 2550). Whether the government is substantially justified is determined on the basis of the record which is made in the civil action for which fees and expenses are sought. 28 U. S. C. § 2412(d)(1)(B) (Thomson/West 2008).

The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Hensley v. Eckerhart,*103 S. Ct. 1933, 1941 (1983). Billing judgment should be exercised with respect to the hours worked and the applicant should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims. *Id.*

**DISCUSSION**

Plaintiff claims that she is entitled to an award of attorney fees and that the hourly rate should reflect the recent consumer price index. Defendant does not object to the request for an award or the request for an enhanced hourly rate.

As the Supreme Court has noted, there are four requirements that the court must consider before making an award of attorney fees. First, is the fee applicant a prevailing party. Second, was the government's position substantially justified. Third, there exists no special circumstances that make an award unjust. Fourth, the fee applicant filed the requisite application within thirty days of final judgment. *Townsend v. Social Security Administration*, 486 F.3d 127, 129-130 (6th Cir. 2007) (*citing Commissioner, INS v. Jean*, 110 S. Ct. 2316, 2318-2319 (1990)).

In this case, Plaintiff has met all of the criteria of this four-part test. First, Plaintiff's counsel rendered services against the government and in connection with a civil proceeding which resulted in the reversal of the Commissioner's decision. Counsel also succeeded in obtaining a remand from the United States District Court to the Commissioner with instructions to reevaluate the severity of her impairments and to comply with the requisites for assessing credibility. Plaintiff has obtained prevailing party status.

Second, when viewed as whole, the government's position has no basis in law or fact. Under the five step sequential analysis, the ALJ must assess whether claimant has an impairment which meets or equals the durational requirements listed in Appendix 1 of Subpart P, Regulations No. 4, and make a credibility determination. In this case, once the ALJ determined that Plaintiff's impairments did not meet the Listing, he failed to consider whether Plaintiff's impairments equaled the Listing. 20 C. F. R. § 416.920(d) (Thomson/ West 2008). The ALJ also failed to articulate reasons supporting his credibility

finding, thus impeding the Court's ability to conduct judicial review. Specifically, the Court was unable to find if Plaintiff's credibility was supported by the evidence in the case record. *See Rogers v. Commissioner of Social Security*, 486 F. 3d 234 (6th Cir. 2007). There is no substantial justification for failing to assess Plaintiff's impairment consistent with the statutory regulations.

Third, Defendant does not argue that there are special circumstances which would make the award in this case unjust. In fact, Defendant does not object to the award of fees as requested.

Finally, Plaintiff's motion for fees is timely filed. Under sentence four of § 405(g), a district court has the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing. 42 U.S.C. § 405(g) (Thomson/West 2008). Under this sentence, the final judgment is entered at the time of remand, so the filing period for EAJA fees begins after the final judgment affirming, modifying or reversing the decision is entered by the court and the appeal period has run. *Kling v. Secretary of Dept. of Health & Human Services of United States*, 790 F. Supp. 145, 149 (N. D. Ohio 1992) (*citing Melkonyan v. Sullivan,* 111 S.Ct. 2157, 2165 (1991); *cf. Sullivan v. Finkelstein,* 110 S.Ct. 2658 (1990)). Under R. APP. P 4(a)(1)(B), any party to this litigation could file an appeal as of right within sixty days after the judgment or order. A party seeking an award of fees under EAJA must submit his or her application for fees within thirty days of the final judgment. 28 U. S. C. § 2412(d)(1)(B) (Thomson/West 2008).

Neither party appealed the judgment entered on September 19, 2007. Plaintiff filed her request on December 5, 2007, well within thirty days after the judgment became final.

Having determined that Plaintiff is entitled to an award of attorney fees, the next issue is whether the fee requested is reasonable. EAJA authorizes an award of reasonable fees based upon prevailing market rates for the kind and quality of the services furnished, except that attorney fees shall not be

5

awarded in excess of $125 per hour unless the court determines than an increase in the cost of living or a special factor justifies a higher fee. 28 U. S. C., § 2412(d)(2)(A) (Thomson/West 2008). Once the number of hours reasonably expended has been tabulated, a reasonable attorney's fee for a successful social security claim is determined by multiplying that reasonable hourly rate by the number of hours reasonably expended on the litigation. *Hensley, supra*, 103 S.Ct. at 1939.

The Magistrate has reviewed the time entries submitted by Plaintiff and finds that counsel expended 18.5 hours in the matter. Such time sheets represent time spent on conducting legal research related to obtaining social security benefits and the drafting and preparation of a brief and supporting documents. In other cases filed in this Court for which an award of attorney fees was ordered, counsel expended an average of 25.37 hours to prepare a case for judicial review. *See Hunt v. Chater,* Case No. 96 CV 7430, *Carr v. Secretary of Health and Human Services*, Case No. 97 CV 7515, *McMillian v. Commissioner,* Case No. 96 CV 7500, *Shepherd. v. Apfel*, Case No. 97 CV 7352 and *Weaver F. Massanari*, Case No. 99 CV 7768. The Court finds that 18.5 hours submitted by Plaintiff is reasonable.

Plaintiff requests an hourly rate in excess of the $125 provided under the EAJA statute. Although the cost of living has risen since the enactment of EAJA and the subsequent increase in fees, the decision whether the increase requested justifies a fee in excess of the statutory rate is left to the district court's discretion. *Begley v. Secretary of Health and Human Services*, 966 F. 2d 196, 198-199 (6th Cir. 1992).

The Magistrate takes judicial notice that since the enactment of an increased statutory limit on attorney fees to $125 per hour, the consumer price index has risen from 149.00 to 199.686, a 34% increase. www.bls.gov. This increase in the consumer price index justifies a higher hourly fee in this case. Plaintiff's request for a 24% increase is reasonable. The Magistrate will allow counsel's fees at $155 per hour.

For these reasons, Plaintiff's Motion for Attorney Fees is granted (Docket No. 20) and she is awarded $2,867.50 in attorney fees.

**IT IS SO ORDERED.**

/s/ Vernelis K. Armstrong
United States Magistrate Judge

Date: April 17, 2008